| | |
|---|---|
| DISTRICT COURT, DOUGLAS COUNTY, COLORADO<br><br>Address: 4000 Justice Way Ste. 2525-a<br>Castle Rock, CO 80109<br><br>Telephone: (720) 437-6200 | DATE FILED<br>November 21, 2025 4:16 PM<br>FILING ID: 2A6591A79C401<br>CASE NUMBER: 2025CV31250 |
| **Plaintiffs: MICHELLE BROWN o/b/o her minor child, JAYDEN RUIZ both as a minor and as an individual**<br><br>**v.**<br><br>**Defendants: HIGHLANDS RANCH HIGH SCHOOL & DOUGLAS COUNTY SCHOOL DISTRICT & DOUGLAS COUNTY SCHOOL BOARD** vicariously for Christipher Page, Kerith Stuebinger, Rosie Trindle, and SRO Clint Robertson **ANDREW & BETHANY SCHIEBLER** o/b/o Andrew Schiebler Jr**. and ANDREW SCHEIBLER JR. individually, ERIN BAILEY** o/b/o Jacob Davison, **JACOB DAVISON** individually, **CHRISTOPHER & VIRGINIA FINLEY** o/b/o Austin Gibbs, and **AUSTIN GIBBS** individually **DUSTIN NUNN** o/b/o Hailey Nunn and **HAILEY NUNN** individually | ▲ **COURT USE ONLY** ▲ |
| Attorney for Plaintiffs: Alessandra Morales, 47055<br><br>Firm: MORALES LAW FIRM<br>Address: PO BOX 740220<br>ARVADA, CO, 80006<br>Phone Number: (720) 571-1111<br>Fax Number: (720) 749-1447<br>E-Mail Address: alessandra@amoraleslawfirm.com | Case Number:<br><br>Div/Ctrm: |

**COMPLAINT**

COMES NOW Plaintiffs, Michelle Brown and Jayden Ruiz , (hereinafter "Jayden") by and through their attorneys, the Morales Law Firm, LLC, for their Complaint against Defendants; Highlands Ranch High School & Douglas County School District, Douglas County School Board (who are vicariously for Principal Christipher Page and Vice Principal, Keri Stuebinger, Rosie Trindle and SRO Robertson) Andrew & Bethany Schiebler o/b/o Andrew

Schiebler Jr., and him individually, Erin Baileyo/b/o Jacob Davison, and him individually Christopher & Virginia Finley o/b/o Austin Gibbs and him individually, Dustin Nunn o/b/o Hailey Nunn and her individually.

**THE PARTIES**

1. Jayden Ruiz is a 17-year-old student who attended Highlands Ranch Highschool as a new student for his junior year.
2. Jayden attended this school from August-November of 2024. He and his mother, Michelle Brown reside at 6746 Green River Drive, Unit E. Highlands Ranch, CO 80130.
3. Highlands Ranch High School is located at 9375 S. Cresthill Lane Highlands Ranch, CO. 80130.
4. Douglas County School District is located at 620 Wilcox Street Castle Rock, CO 801014
5. At the time of the underlying incident, Highlands Ranch High School employed Principal Christipher Page , Vice Principal, Keri Stuebinger, Rosie Trindle and SRO Clint Robertson
6. Andrew Schiebler and Bethany Schiebler are the parents of Andrew Shiebler Jr. who was part of the group of students who harassed and strangled Jayden on November 21, 2024. Their last known address is 9501 Winding Hill Way Lone Tree, CO 80124-8460 in Douglas County, Colorado.
7. Erin Bailey is the parent of Jacob Davison who was one of three students who was part of the group of students who jumped Jayden on November 21, 2024. Their last known address is 9635 Parramatta Pl. Littleton, CO 80130-7156 in Douglas County, Colorado.
   8. Dustin Nunn is the father of Hailey Nunn who assaulted Jayden with a metal bat in October of 2024. Their last known address is 742 Chadwick Cir. Highlands Ranch, CO 80129.
8. Christopher Finley and Virgina Finley are the parents of Austin Gibbs who was one of three students who was part of the group of students who jumped Jayden on November 21, 2024. Their last known address is 7201 Buckingham Pl, Littleton, CO, 80130.

**FACTUAL ALLEGATIONS**

9. In mid-August of 2024, Jayden began attending Highlands Ranch Highschool as a new Junior there. Adjusting to a new school was hard enough for Jayden, but Highlands Ranch Highschool staff and students made it even more difficult.

10. As the new kid at school, Jayden experienced extreme bullying from one veteran group of students there. They harassed him, violently assaulted him, threatened his life and called him several racial slurs including but not limited to “Boarder Hopper & Beaner.”

11. On September 9, 2024, Elijah Steele followed Jayden into the bathroom along with approximately 10-15 other students in his friend group. Together, they trapped Jayden inside the school bathroom during school hours and forced him to fight Elijah Steele by blocking him in the bathroom until he did so.

12. One of the students surrounding Jayden yelled "block the door" while Elijah Steele threw down his backpack and got in Jayden's face backing him up to the bathroom counter/mirror. With his friend's assistance, Elijah facilitated this fight by trapping Jayden in the bathroom and yelling repeatedly at Jayden saying, "do something, do something."

13. At first, Jayden stayed still and quiet but eventually he had to defend himself. There was no way for him to get out of the bathroom. Jayden and Elijah got into a fist fight as encouraged and assisted by the other students involved. This includes but is not limited to Andrew Scheibler, Austin Gibbs, Jacob Davison, Kayden Eliot, Hudson and David Torres. These same students continued harassing and assaulting Jayden for the rest of his school year ultimately forcing him out of the school.

14. This incident was recorded and turned into the school that same day. Both Elijah and Jayden were suspended and signed a no contact contract. However, none of the other boys involved in assisting Elijah block the door and facilitate this fight were reprimanded regardless of their part in it. Video to be supplemented.

15. Jayden had never been suspended at any other school before this.

16. However, this group of Highlands Ranch Highschool students was known for their violence. For example, upon information and belief, Andrew Scheibler had been suspended at Highlands Ranch Highschool before this incident for other violent acts and gun threats.

17. Despite Andrew Scheibler and his group's history of repeated offenses, the school did nothing to reprimand them for their involvement and assistance in Elijah's assault of Jayden.

18. On September 18, 2024, Andrew Scheibler sent Jayden a picture of him holding a handgun. To be supplemented.

19. Upon returning to school from his suspension and trying to put this behind him, Jayden and his mom attended back to school night wherein they had a meet and greet with the

teachers. One teacher pulled Jayden and his mother aside to tell him "She was very close friends with Elijah Steele's family and that she did not appreciate what Jayden did to Elijah." This is true even though the video shows Elijah was the aggressor/instigator. Jayden's mom defended her son and explained to the teacher that Jayden was forced to defend himself, that teacher was rude to Jayden in response. But this did not stop Highlands Ranch Staff from treating Jayden like the aggressor.

20. On September 24, 2024, one of the students in this group made up a rumor that Jayden was high so the school security guard, Rosie Alkema Trindle pulled Jayden out of class and searched him. Only to find he did not have drugs on him and that it was a false report. Even though there was no evidence to support this false accusation, Rosie took the other student's side.

21. Subsequently, Jayden's mom was called to the school to come and pick him up. Upon arriving with her brother, she noticed that Jayden was not high and that only one of his eyes was red. He was otherwise completely normal. Jayden's mom pointed this out to the school, but they refused to take it into consideration and instead suspended him for the accusation of being high for five days.

22. Jayden's mom took him to the eye doctor that day and got confirmation that he had an eye infection. He was prescribed antibiotics. Jayden's mom sent this medical record to the school and asked them to reconsider the suspension. The school refused and insisted that he could not come back to school unless he could provide a clean urine analysis. The school staff treated him as a criminal on probation, not a student.

23. Upon Jayden's return from this second suspension on October 2, 2024, Hailey Nunn, (Elijah Steele's Ex who is also a part of this same friend group) battered Jayden outside of the school bathroom. She screamed loudly at Jayden while getting in his face and holding her fist up to his face for everyone in the hallway to see. Jayden was humiliated and teased for this.

24. Meanwhile, Jayden stood calmly and quietly in front of her. This incident was also recorded and turned into the school on that same day. In the background of this video, you can hear one of the students in this group who is believed to be Andrew Scheibler say; "kill him!" This video was turned into the school and yet they did nothing to deter Hailey or her group from contacting Jayden. To be supplemented

25. On this same day and shortly after battering him, Hailey Nunn falsely reported to a teacher that Jayden had a gun. This caused Jayden to be pulled out of class again by Rosie who yelled at him in front of everyone exclaiming "get your hands out of your pockets,

put your hands up." He was embarrassed, humiliated and searched like a convict only to find out that he did not have a gun and that Hailey was lying.

26. Despite having made this serious accusation and false report, Hailey Nunn was still not reprimanded by the school. This is true even though Jayden's mother repeatedly requested for her to be reprimanded because this stained Jayden's reputation and caused him to be embarrassed and anxious at school.

27. Throughout the next three weeks, Jayden's mother followed up consistently with the Vice Principal Keri Stuebinger and Principal Christipher Page on this matter requesting that Hailey be reprimanded. But the school did nothing. To be supplemented

28. From that point forward, Jayden was mistreated repeatedly by the school staff including but not limited to the security guard who told Jayen's mom "I don't believe a word your son says." Even though it was Hailey who lied about Jayden having a gun.

29. On October 4, 2024, Hailey Nunn and three boys were in her car when they approached Jayden. Hailey got out of her car and assaulted Jayden, this time by smacking him in the face in front of all three boys who accompanied and encouraged her. She then pulled out a metal bat from her trunk wherein she threated to use it on Jayden as a weapon.

30. This incident was reported to the school on that same day. And even though Jayden was not the aggressor, Jayden was the one who got in trouble and was banned from the school's park. The Student Resource Officer, Mr. Robertson took Hailey's side and called Jayden's mom that day and left her a voicemail telling her that Jayden "might be cited" as if he was the one who assaulted Hailey. To be supplemented

31. Even though the Student Resource Officer confirmed that Hailey admitted to assaulting Jayden and threatening him with a metal bat, he called Jayden the troublemaker and a liar. When another officer found the metal bat that Jayden described in Hailey's trunk, it confirmed Jayden was telling the truth but still the Officer took her side over Jayden's and made poor remarks to Jayden about him being the one at fault.

32. Subsequently, Jayden's mom arrived to at the school and insisted that Hailey and this group of male students be reprimanded. Instead, she found Kelly Corr, (a guidance counselor) yelling at Jayden saying; "Stay away from Falcon Park, only bad things happen there!" It was surprising that Jayden was the one called down to the office and being yelled at by the staff since he was not the one who assaulted another student with a deadly weapon.

33. This statement by Kelly Corr is not only evidence of the school's differential treatment of Jayden, but also a recognition of the danger posed to Jayden.

34. While Jayden was being reprimanded for this incident, Hailey Nunn walked by (free of reprimand or consequence) and stuck her tongue out a Jayden thereby taunting him and teasing him that he was the one being reprimanded and not her. The school officer witnessed this and the principal confirmed his awareness of this taunting and teasing in writing to Jayden's mom. But still did nothing to stop it. To be supplemented

35. Later, since Jayden's mother insisted on reporting the incident to legal authorities another officer was called into the school office, and Hailey Nunn was charged with menacing with a deadly weapon. Somehow though, the charges were later dropped.

36. And while the School Principal, Christopher Paige acknowledged Hailey's admission to assaulting and threatening Jayden with a metal baseball bat he did nothing to deter this group of students from continually harassing Jayden.

37. Three weeks later when Jayden's mom followed up on this, on October 23, 2024, Principal Christopher Page made excuses for Hailey justifying her assaulting and threatening Jayden. Jayden's mother and grandmother met with him in person to plead that he take this seriously and act against this group of students who was continually harassing and assaulting Jayden. Yet Principal Page failed to do so even though he acknowledged that Jayden was having an "ongoing issue with this group of students." To be supplemented

38. When Jayden's grandmother insisted for them to be logical about this situation and to punish Hailey and her friends, Principal Paige refused. He went so far as to cover for these students that he said, "In my twenty-three years of experience with students, I have learned not to use logic." Justifying why he took the group's side over Jayden's despite Jayden being the victim and not the offender. To be supplemented

39. Hailey Nunn nor any of the boys in her car were suspended or disciplined after this assault and battery. Instead, Principal Page failed to protect Jayden by omission and continually allowed this violence against him to occur from this group of students.

40. On October 7, 2024, Andrew Scheibler (one of the students who assisted Elijah with assaulting Jayden on September 9, 2024) sent a message to Jayden making fun of him for the Hailey Nunn bat assault. He posted a picture of an electronic bomb with the caption "Anyone want a bat?" & "Who wanna get blown up?" To be supplemented

41. On October 8, 2024, another student named Hudson posted pictures of several rifles also directed at Jayden. Hudson was also one of the many students that helped Elijah Steele trap Jayden in the bathroom on September 9, 2024. To be supplemented

42. Under Colorado law, a death threat coupled with representation of a deadly weapon is considered menacing. Yet, the school did nothing to stop this behavior.

43. In that same chat, a student named Jacob Stead acknowledged that these gun threats were aimed at Jayden and that these students were "showing Jayden their guns." Jayden's mom reported this to the school, and still they did nothing to stop it. To be supplemented

44. October 10, 2024, Jayden had a mental break down because of this ongoing violence and harassment. He became suicidal and no longer wanted to live because of the mental anguish this caused him. He was hospitalized at Cedar Springs for two days because of this trauma.

45. On October 11, 2024, Jayden's mom sent Principal Page an e-mail wherein she insisted on getting answers from the school about this ongoing toleration of violence. Jayden's mom made the school aware of his hospitalization and plead for them to act against this group of students who caused this. But still, they did nothing. To be supplemented

46. Jayden had never been hospitalized for suicidal thoughts before this incident.

47. On this same day, Jayden's mom reported the gun threats to the school's "Safe to Tell" resource line. To be supplemented

48. Safe to Tell is supposed to protect the identity of students who bring this type of violence to the school's attention to not cause backlash or retaliation for them reporting the misconduct. However, that was not the case here. Multiple students found out that Jayden was the one to report it and they subsequently increased their harassment and bullying of Jayden as a result of the school not protecting him or his identity. To be supplemented

49. Between October 11, 2024- October 21, 2024, Jayden's mother was in constant contact with his administrator, Vice Principal Keri Stuebinger. Jayden's mother followed up repeatedly asking for her findings on some of the ongoing investigations for this behavior. Keri provided no answers to Jayden's mother and would often change the subject to put blame on Jayden for other topics such as his attendance. This showed that she too was against Jayden. Jayden's mother explained that his attendance was falling behind because he was not feeling safe at school.

50. On October 21, 2024, Jayden was followed by several students in the same friend group as those mentioned above. This includes but is not limited to Kayden Elliot (who was also one of the students that was helped Elijah Steele block Jayden in the bathroom on September 9, 2024). This incident is also recorded. It shows Kayden and his friends following Jayden around and threatening to kill him with his father's gun. To be supplemented

51. On October 23, 2024, Jayden's mom and grandma went to the school with this video in hand to report it to the school and ask them to act. Again, Jayden's mom insisted on answers for the ongoing assaults and harassment by this group of students and still the school did nothing to prevent or deter this.

52. During this meeting, Jayden's mom showed, and air dropped the video with the most recent death threats to Principal Page. Although he identified the student making the threats as Hudson and confirmed watching the video, Principal Page said he couldn't take any action and would have to investigate it.

53. Principal Page said he would have to do a threat assessment and referenced how he didn't want to overreact because sometimes students exaggerate, and it may not be a legitimate threat.

54. On October 24, 2024, Jayden's mom sent the video of these death threats again to the School Psychologist, Amy Strives. To be supplemented

55. This behavior went on for the next month, and the school did nothing to prevent it or to protect Jayden.

56. About a month later, on November 21, 2024, during school hours, Jayden was strangled and beaten up by three students; Andrew Scheibler, Jacob Davison, and Austin Gibbs. (All three of whom were part of assisting Elija Steele's September 9th assault on Jayden by blocking him in the bathroom).

57. During this attack, these three students said several racial slurs to Jayden including calling him a "Beaner" and "Boarder Hopper." (Jayden is Hispanic).

58. Again, these students told Jayden not to come back to their school the next day or they'd shoot and kill him.

59. This assault was recorded and reported to the school that day. To be supplemented

60. This assault was posted all over social media/Instagram for the entire school to see with the Mexican Flag Emoji. To be supplemented

61. This video circulated throughout the entire school and caused Jayden great embarrassment and anguish. A screenshot of him getting beaten and strangled was posted and both Jacob Davison and Andrew Sheibler reacted with a thumb's up emoji from their profiles on Instagram. To be supplemented

62. Jayden was and remains humiliated and embarrassed. Although it took three students at once to finally take Jayden down, this severely impacted his mental health, self-esteem, and reputation. He lost the desire to continue with school and struggled tremendously.

63. On that same day, the school psychologist Amy Strives submitted this video to law enforcement and told Jayden's mom that in her 20+ years of experience, she had never seen anything so disgusting and brutal.

64. As a result of this most recent assault, Jayden went to the hospital and was diagnosed with a concussion. Pictures of his injuries show the fingermarks on his throat from Andrew Scheibler strangling him while the other two students beat him. To be supplemented

65. Nonetheless, these three boys were allowed back at school while Jayden was forced with no other choice but to relocate to another school.

66. Even after the assault on November 21, 2024, another student, David Torres (who also assisted Elijah Steele on September 9, 2024 by blocking Jayden in the bathroom) continued to harass Jayden and tease him for being weak and defeated since he was chased out of town, and mocked him for moving to a new school or city as a result of the group's assaults. To be supplemented

67. As a result of these assaults and because of Jayden's physical and emotional injuries, Jayden's mothers feared for his safety, so she withdrew Jayden from Highlands Ranch High School.

68. She notified Principal Page of this official decision on December 18, 2024. To be supplemented

69. Between November 21, 2024, and December 18, 2024, nobody at the school checked on Jayden or called his mother to ensure his wellbeing or encourage him to come back safely.

**FIRST CLAIM FOR RELIEF**
**Violation of CRS Section 24-10-106.3, Failure to Exercise Reasonable Care to Protect Students from Foreseeable Harm As to Defendants, Highlands Ranch Highschool, Douglas County School Board & Douglas County School District**

70. The Claire Davis School Safety Act, CRS Section 24-10-106.3 sets out how a public school, and the school district must exercise a reasonable duty of care to protect all students from harmful acts committed by another person when the harm is reasonably foreseeable while such students are within the school facilities or are participating in school activities.

71. Incident of school violence for serious bodily injury caused by another person engaging in crimes of violence are exactly those this statute is designed to protect.

72. Both Highlands Ranch Highschool and Douglas County School District should have exercised a reasonable duty of care to protect Jayden from the harmful acts committed by these other students.

73. This harm was reasonably foreseeable by this group of students since the September 9, 2024, incident when Elijah and several other boys facilitated an assault on Jayden in the school bathroom it lasted until November 21, 2024, because the school and the district failed to act reasonably to protect Jayden.

74. As a result of this failure, Jayden was injured physically and emotionally and sustained both economic and non-economic damages for which he is legally entitled to compensation.

## SECOND CLAIM FOR RELIEF

**Violation of C.R.S. Section 22-32-109 As to Defendants, Highlands Ranch Highschool, Douglas County School Board & Douglas County School District**

75. Violation of the Colorado Safe School Plan Act requires each school district board or school to adopt and implement a safe school plan which must include a conduct and discipline code and policies for safety and welfare of students, taking reasonable measures to maintain a safe environment for students. The statute waives sovereign immunity.

76. Despite the school code and policies, this school and this district failed to take reasonable measures to maintain a safe environment for Jayden when they failed to protect him from the group of students who bullied him and injured him several times after the initial encounter.

77. As a result of this failure, Jayden was injured physically and emotionally, and he sustained both economic and non-economic damages for which he is legally entitled to compensation.

## THIRD CLAIM FOR RELIEF

**Negligence As to Defendants Highlands Ranch High School, Douglas County School Board & Douglas County School District**

78. Highlands Ranch Highschool and Douglas County had the duty to act reasonably and not negligently so as to protect its students. Pursuant to *HealthONE v. Rodriguez ex rel. Rodriguez*, 50 P. 3d 879 (Colo. 2002).

79. They breached this duty by failing to take action to protect Jayden from these multiple harassments and assaults that lead up to the November 21, 2024, incident.

80. These actions and the school and district's failure to act reasonably caused Jayden mental and physical injuries.

81. Jayden has sustained economic and non-economic damages because of these injuries for which he is entitled to compensation for an amount to be determined by a jury.

**<u>FOURTH CLAIM FOR RELIEF</u>**
**Vicarious Liability**
**As to Defendants Highlands Ranch High School & Douglas County School District**

82. Principal Page and Vice Principal Steubeiger acted within the course and scope of employment or agency when they failed to take action to stop the violence against Jayden which ultimately resulted in the November 21, 2024 assault.

83. Highlands Ranch Highschool and Douglas County School District was the employer of these employees and other employees mentioned above at the times that these negligent acts or omissions occurred within the course and scope of employment or agency. *Grease Monkey Int'l Inc. v. Montoya*, 904 P. 2d 468 (Colo. 1995).

**<u>FIFTH CLAIM FOR RELIEF</u> <u>Premises Liability C.R.S. Section 13-21-115</u>**
**As to Defendants Highlands Ranch High School & Douglas County School District**

84. Negligence against a school and its district for failure to act on reasonable Foreseeability of a third party criminal conduct is applicable here as the school and its employees failed to react to dangers that were reasonably foreseeable.

85. That school and school district could be held liable as a substantial factor in causing harm without considering a third-party criminal act was the predominant cause of that harm.

86. Injuries occurred on the land by reason of the activities conducted or circumstances existing on such property, the landowner is liable

87. The landowner's conduct was unreasonable under the circumstances, and they allowed this dangerous criminal activity to occur on school premises.

88. Jayden was owed a reasonable duty of care.

## SIXTH CLAIM FOR RELIEF

**Negligent Supervision/Parental Liability As to Defendant Dustin Nunn, the father of Hailey Nunn**

89. Dustin Nunn had a duty to supervise or control Haley Nunn and failed to do so.

90. This failure to exercise reasonable car in controlling a child or preventing foreseeable harm so as to prevent the child from intentionally harming others or from creating an unreasonable risk of harm if the parent knows or should know that they have the ability to control the child and knows the necessity and opportunity for exercising such control. *Hutchinson v. Luddy, 742 P.2d 875 (Colo App. 1987)*

91. Dustin Nunn breached their duty to exercise reasonable care when he allowed Hailey to get a bat out of his possession and household and use it to threaten, assault and battery Jayden.

92. Dustin Nunn knew or should have known the child posed a risk of harm.

93. Dustin Nunn's failure to supervise was a proximate cause of Jayden's injuries.

94. Jayden suffered actual harm and damages because of this breach, and he is entitled to compensation from Dustin for them.

95. Pursuant to CRS Section 13-21-107(1)(a);The parent or legal guardian having custody and control of a minor who willfully or maliciously causes bodily injury to another person shall be jointly and severally liable with the minor for such damage, this is separate and different from the aforementioned nonintentional negligence *State Farmers Ins. Exchange v. Dotson,* 913 P. 2d 27, (Colo. 1996).

## SEVENTH CLAIM FOR RELIEF

**Negligent Supervision/Parental Liability**

**As to Defendant Andrew Sr. and Bethany Schiebler obo Andrew Schiebler Jr.**

96. Andrew Sr. and Bethany Schiebler had a duty to supervise or control their son Andrew Schiebler Jr. and failed to do so.

97. This failure to exercise reasonable car in controlling a child or preventing foreseeable harm so as to prevent the child from intentionally harming others or from creating an

unreasonable risk of harm if the parent knows or should know that they have the ability to control the child and knows the necessity and opportunity for exercising such control. *Hutchinson v. Luddy, 742 P.2d 875 (Colo App. 1987)*

98. Andrew Scheibler Sr. and Bethany Schiebler breached their duty to exercise reasonable care when they allowed Andrew Schibler Jr. to assault and batter Jayden.

99. Andrew Scheibler Sr. and Bethany Schiebler knew or should have known the child posed a risk of harm.

100. Andrew Scheibler Sr. and Bethany Schiebler's failure to supervise was a proximate cause of Jayden's injuries.

101. Jayden suffered actual harm and damages as a result of this breach, and he is entitled to compensation from Dustin for them.

102. Pursuant to CRS Section 13-21-107(1)(a);The parent or legal guardian having custody and control of a minor who willfully or maliciously causes bodily injury to another person shall be jointly and severally liable with the minor for such damage, this is separate and different from the aforementioned nonintentional negligence *State Farmers Ins. Exchange v. Dotson,* 913 P. 2d 27, (Colo. 1996).

## EIGHTH CLAIM FOR RELIEF

**Negligent Supervision/Parental Liability As to Defendant Erin Bailey obo Jacob Davison**

103. Erin Bailey had a duty to supervise or control her son Jacob Davison and failed to do so.

104. This failure to exercise reasonable car in controlling a child or preventing foreseeable harm so as to prevent the child from intentionally harming others or from creating an unreasonable risk of harm if the parent knows or should know that they have the ability to control the child and knows the necessity and opportunity for exercising such control. *Hutchinson v. Luddy, 742 P.2d 875 (Colo App. 1987)*

105. Erin Bailey breached their duty to exercise reasonable care when they allowed Jacob Davison to assault Jayden.

106. Erin Bailey knew or should have known the child posed a risk of harm.

107. Erin Bailey's failure to supervise Jacob Davison was a proximate cause of Jayden's injuries.

108. Jayden suffered actual harm and damages as a result of this breach, and he is entitled to compensation from Dustin for them.

109. Pursuant to CRS Section 13-21-107(1)(a);The parent or legal guardian having custody and control of a minor who willfully or maliciously causes bodily injury to another person shall be jointly and severally liable with the minor for such damage, this is separate and different from the aforementioned nonintentional negligence *State Farmers Ins. Exchange v. Dotson,* 913 P. 2d 27, (Colo. 1996).

## **NINTH CLAIM FOR RELIEF**

**Negligent Supervision/Parental Liability**

**As to Defendant Christopher and Virginia Finley obo Austin Gibbs**

110. Christopher and Virginia Finley had a duty to supervise or control her son Jacob Davison and failed to do so.

111. This failure to exercise reasonable car in controlling a child or preventing foreseeable harm so as to prevent the child from intentionally harming others or from creating an unreasonable risk of harm if the parent knows or should know that they have the ability to control the child and knows the necessity and opportunity for exercising such control. *Hutchinson v. Luddy, 742 P.2d 875 (Colo App. 1987)*

112. Christopher and Virginia Finley breached their duty to exercise reasonable care when they allowed Jacob Davison to batter and assault Jayden.

113. Christopher and Virginia Finley knew or should have known the child posed a risk of harm.

114. Christopher and Virginia Finley's failure to supervise Jacob Davison was a proximate cause of Jayden's injuries.

115. Jayden suffered actual harm and damages because of this breach, and he is entitled to compensation from Dustin for them.

**TENTH CLAIM FOR RELIEF**
**|Assault As to Defendant Hailey Nunn**

116. Plaintiff incorporates all previous paragraphs as though fully set forth herein.

117. In the fall of 2025, Hailey Nunn acted with the intent to engage in conduct that was meant to cause harmful or offensive bodily contact or to place Jayden in the fear or apprehension of such contact by threatening, harassing and hitting Jayden.

118. Hailey's conduct including raising her hand and fist towards Jayden, while holding up a bat to him caused Jayden to reasonably believe that Hailey was about to inflict harmful or offensive bodily contact on him.

119. Hailey had the apparent present ability to carry out the threatened contact at the time.

120. Jayden had a reasonable apprehension and experienced imminent apprehension of being hit by Hailey Nunn on that day she raised her hand to him, slapped him and yelled at him.

121. The threat was imminent, and Hailey's acts created the immediate present ability to carry out the threatened act.

122. As a direct and proximate result of Defendant's actions, Jayden suffered emotional distress, fear, anxiety, humiliation and other damages in an amount to be proven at trial.

123. Jayden is entitled to actual damages and where appropriate, punitive damages under CRS. Section 13-21-102 due to Hailey's willful and wanton misconduct.

## ELEVENTH CLAIM FOR RELIEF
**Assault As to Defendant Andrew Schiebler Jr**

124. Plaintiff incorporates all previous paragraphs as though fully set forth herein.

125. On November 21, 2024, Andrew Schiebler Jr. acted with the intent to engage in conduct that was meant to cause harmful or offensive bodily contact or to place Jayden in the fear or apprehension of such contact by threatening, harassing and hitting Jayden.

126. Andrew Schiebler Jr.'s conduct including raising his hands and fists towards Jayden, caused Jayden to reasonably believe that Andrew was about to inflict harmful or offensive bodily contact on him.

127. Andrew Schiebler Jr. had the apparent present ability to carry out the threatened contact at the time.

128. Jayden had a reasonable apprehension and experienced imminent apprehension of being hit by Andrew Schiebler Jr. on that day.

129. The threat was imminent, and Andrew Schiebler Jr.'s acts created the immediate present ability to carry out the threatened act.

130. As a direct and proximate result of Defendant's actions, Jayden suffered emotional distress, fear, anxiety, humiliation and other damages in an amount to be proven at trial.

131. Jayden is entitled to actual damages and where appropriate, punitive damages under CRS. Section 13-21-102 due to Andrew Schiebler Jr. willful and wanton misconduct.

**<u>TWELVTH CLAIM FOR RELIEF</u>**
**Assault As to Defendant Austin Gibbs**

132. Plaintiff incorporates all previous paragraphs as though fully set forth herein.

133. On November 21, 2024, Austin Gibbs acted with the intent to engage in conduct that was meant to cause harmful or offensive bodily contact or to place Jayden in the fear or apprehension of such contact by threatening, harassing and hitting Jayden.

134. Austin Gibbs's conduct including raising his hands and fists towards Jayden, caused Jayden to reasonably believe that Andrew was about to inflict harmful or offensive bodily contact on him.

135. Austin Gibbs had the apparent present ability to carry out the threatened contact at the time.

136. Jayden had a reasonable apprehension and experienced imminent apprehension of being hit by Austin Gibbs on that day.

137. The threat was imminent, and Austin Gibbs acts created the immediate present ability to carry out the threatened act.

138. As a direct and proximate result of Defendant's actions, Jayden suffered emotional distress, fear, anxiety, humiliation and other damages in an amount to be proven at trial.

139. Jayden is entitled to actual damages and where appropriate, punitive damages under CRS. Section 13-21-102 due to Austin Gibbs willful and wanton misconduct.

**<u>THIRTEENTH CLAIM FOR RELIEF</u>**
**Assault As to Defendant Jacob Davison**

140. Plaintiff incorporates all previous paragraphs as though fully set forth herein.

141. On November 21, 2024, Jacob Davison acted with the intent to engage in conduct that was meant to cause harmful or offensive bodily contact or to place Jayden in

the fear or apprehension of such contact by threatening, harassing and hitting Jayden.

142. Jacob Davison's conduct including raising his hands and fists towards Jayden, caused Jayden to reasonably believe that Andrew was about to inflict harmful or offensive bodily contact on him.

143. Jacob Davison had the apparent present ability to carry out the threatened contact at the time.

144. Jayden had a reasonable apprehension and experienced imminent apprehension of being hit by Jacob Davison on that day.

145. The threat was imminent, and Jacob Davison acts created the immediate present ability to carry out the threatened act.

146. As a direct and proximate result of Defendant's actions, Jayden suffered emotional distress, fear, anxiety, humiliation and other damages in an amount to be proven at trial.

147. Jayden is entitled to actual damages and where appropriate, punitive damages under CRS. Section 13-21-102 due to Jacob Davison willful and wanton misconduct.

## FOURTHTEENTH CLAIM FOR RLEIEF

**Battery As to Defendant Hailey Nunn**

148. Plaintiff realleges and incorporates by reference all prior paragraphs as though set forth fully herein.

149. In the fall of 2024, Hailey intentionally engaged in harmful or offensive physical contact with Jayden.

150. Specifically, Hailey held up a fist to him, slapped him and held up a bat to him.

151. Defendant's contact with Plaintiff was intentional, unpermitted and offensive to a reasonable sense of personal dignity.

152. Defendant's conduct caused Plaintiff to suffer physical injuries pain and emotional distress and medical expenses all of which were the nature and probable result of Defendant's intentional acts.

153. As a direct and proximate result of Defendant's battery, Plaintiff has incurred damages including but not limited to physical pain and suffering, emotional distress, inconvenience, loss of enjoyment of life, and medical expenses in the amounts to be proven at trial.

154. Defendant's conduct was willful and wanton entitling Plaintiff to an award of punitive damages pursuant to C.R.S. Section 13-21-102.

## FIFTEENTH CLAIM FOR RELIEF

**Battery As to Defendant Andrew Schiebler Jr**

155. Plaintiff realleges and incorporates by reference all prior paragraphs as though set forth fully herein.

156. On November 21, 2024, Andrew intentionally engaged in harmful or offensive physical contact with Jayden.

157. Specifically, Andrew punched him, choked him and hit him several times.

158. Defendant's contact with Plaintiff was intentional, unpermitted and offensive to a reasonable sense of personal dignity.

159. Defendant's conduct caused Plaintiff to suffer physical injuries pain and emotional distress and medical expenses all of which were the nature and probable result of Defendant's intentional acts.

160. As a direct and proximate result of Defendant's battery, Plaintiff has incurred damages including but not limited to physical pain and suffering, emotional distress, inconvenience, loss of enjoyment of life, and medical expenses in the amounts to be proven at trial.

161. Defendant's conduct was willful and wanton entitling Plaintiff to an award of punitive damages pursuant to C.R.S. Section 13-21-102.

**SIXTEENTH CLAIM FOR RELIEF**
**Battery As to Defendant Austin Gibbs**

162. Plaintiff realleges and incorporates by reference all prior paragraphs as though set forth fully herein.

163. On November 21, 2024, Austin intentionally engaged in harmful or offensive physical contact with Jayden.

164. Specifically, Austin punched him and hit him several times.

165. Defendant's contact with Plaintiff was intentional, unpermitted and offensive to a reasonable sense of personal dignity.

166. Defendant's conduct caused Plaintiff to suffer physical injuries pain and emotional distress and medical expenses all of which were the nature and probable result of Defendant's intentional acts.

167. As a direct and proximate result of Defendant's battery, Plaintiff has incurred damages including but not limited to physical pain and suffering, emotional distress, inconvenience, loss of enjoyment of life, and medical expenses in the amounts to be proven at trial.

168. Defendant's conduct was willful and wanton entitling Plaintiff to an award of punitive damages pursuant to C.R.S. Section 13-21-102.

**SEVENTEENTH CLAIM FOR RELIEF**
**Battery As to Defendant Jacob Davison**

169. Plaintiff realleges and incorporates by reference all prior paragraphs as though set forth fully herein.

170. On November 21, 2024, Jacob intentionally engaged in harmful or offensive physical contact with Jayden.

171. Specifically, Jacob punched him and hit him several times.

172. Defendant's contact with Plaintiff was intentional, unpermitted and offensive to a reasonable sense of personal dignity.

173. Defendant's conduct caused Plaintiff to suffer physical injuries pain and emotional distress and medical expenses all of which were the nature and probable result of Defendant's intentional acts.

174. As a direct and proximate result of Defendant's battery, Plaintiff has incurred damages including but not limited to physical pain and suffering, emotional distress, inconvenience, loss of enjoyment of life, and medical expenses in the amounts to be proven at trial.

175. Defendant's conduct was willful and wanton entitling Plaintiff to an award of punitive damages pursuant to C.R.S. Section 13-21-102.

## EIGHTEENTH CLAIM FOR RELIEF

**Negligent Entrustment of a Vehicle As to Defendants Dustin Nunn, Hailey Nunn's Parent**

176. CRS 42-4-1701(4)(a)(III) Vehicle Owner Liability provides vicarious liability for a vehicle owner who knowingly permit others to drive their vehicle in violation of traffic laws, 13-21-107.

177. In the fall of 2024, Hailey Nunn had possession of a vehicle owned by Dustin Nunn and she used it to hide a bat as a deadly weapon to threaten Jayden, this is a violation traffic laws and Dustin is vicariously liable for Hailey.

## NINTEENTH CLAIM FOR RELIEF

**Negligent Handling and Failure to Properly Secure/Store a Firearm**
**Defendants Andrew Sr. and Bethany Schiebler, parents of Andrew Scheibler Jr.**

178. Plaintiff realleges and incorporates by reference all prior paragraphs as though fully set forth herein.

179. At all relevant times, Defendants owed Plaintiff a legal duty to use reasonable care in handling operating, storing and controlling any firearm in defendant's possession.

180. Colorado law industry standards and basic principles of reasonable care require a firearm owner to

a. handle a firearm in a safe and responsible manner;
b. maintain physical control of the firearm
c. keep the firearm unloaded
d. never point a firearm at another person
e. keep their finger off the trigger unless intending to fire and
f. ensure the firearm cannot accidentally discharge

181. In the fall of 2024, Defendants breached their duty by allowing their son and his friends to access the firearm to threaten Jayden with it by taking pictures of it and sending it to him.

182. Defendants knew or reasonably should have known that such conduct created an unreasonable and foreseeable risk of harm to plaintiff and others.

183. As a direct and proximate result of Defendant's negligent handling of the firearm, Plaintiff suffered physical injuries and emotional distress and fear including medical expenses in amounts to be determined at trial.

**TWENTYTH CLAIM FOR RELIEF**

**Negligence Per Se Failure to Secure a Firearm**

**Defendants Andrew Sr. and Bethany Schiebler, parents of Andrew Scheibler Jr.**

184. Plaintiff incorporates all prior paragraphs herein.

185. At all relevant times, Defendant was subject to applicable Colorado firearm safety statutes and regulations including laws requiring reasonable and secure storage of firearms to prevent access by unauthorized individuals including minors and untrained persons.

186. These statutes were enacted to protect individuals such as Plaintiff from the risks of misuse, discharge or unauthorized access of firearms.

187. Defendants violated these safety statutes and duties by:

a. Failing to store the firearm in a locked container.
b. Failing to use a trigger lock or other securing device.
c. Leaving the firearm loaded or with a round chambered while unattended
d. Leaving the firearm accessible to minors or unauthorized persons; or
e. Failing to supervise or control the firearm's location

188. Defendant's statutory violations constitute negligence per se. establishing breach as a matter of law.

189. Defendant's failure to properly secure the firearm created a foreseeable and unreasonable risk of harm.

190. As a direct and proximate result of Defendants' failure to secure the firearm, Plaintiff sustained injuries and damages including injuries of fear to return to school and mental health issues.

191. All damages allowed including but not limited to those in CS Section 13-21-102 will be sought in an amount to determined.

**WHEREFORE**, Plaintiffs request that judgment be entered against all Defendants for all damages allowed by law including but not limited to economic damages and non-economic damages, punitive damages, costs, expert witness fees, interest as provided by law from the date this action accrued, calculated at a compound rate, from the date of filing the original complaint, and such further relief as the court deems proper. Including but not limited to:

A. Compensatory damages in an amount to be proved at trial as just and adequate compensation for Jayden's damages and losses sustained because of the incident including, but not limited to, all economic and noneconomic damages incurred to the present time and which he will likely have in the future.

B. All remedies set forth as equity may afford

C. For interest to the fullest extent provided by law, including pre- and post-judgment interest pursuant to CRS § 13-21-101 and CRS § 5-12-102.

D. For damages as a result of Defendants' breach

E. All other damages permitted and or allowed by Colorado law and further relief as the Court deems just and proper.

**PLAINTIFFS DEMAND A TRIAL BY JURY OF SIX (6) PEOPLE.**

DATED this 21st day of November 2025

MORALES LAW FIRM
*/s/ Alessandra Morales*
*Original signature on file pursuant to C.R.C.P. 121§ 1-*
**Alessandra Morales**, 47055

**CERTIFICATE OF SERVICE**

I hereby certify that on November 21, 2025, a true and correct copy of the foregoing **Complaint** was sent via Colorado Courts E-Filing, addressed to the following:

*/s/ Madelayne Badgwell*
Litigation Paralegal